

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 4:18-CR-242-A(01) |
| | § | |
| JEFFREY CHLEO BROWN | § | |

## MEMORANDUM OPINION
### and
### ORDER

Came on for consideration the unopposed motion of United States of America for reduction of the amount of restitution owed by defendant, Jeffrey Chleo Brown ("Brown"), in the above-captioned case. Having considered the motion, the record, and applicable authorities, the court finds that the motion should be granted.

I.

## Background

Brown pleaded guilty on October 5, 2018, to a one-count information charging him with committing wire fraud against his employer, WCCO Belting, Inc. ("WCCO"). Doc. 15. The United States Probation Office ("USPO") filed a presentence investigation report ("PSR") on November 27, 2018. Said report stated that WCCO opened an investigation and hired an outside firm to conduct a forensic accounting of its financial records. PSR at 5 ¶ 14. The USPO later filed an addendum clarifying that Brown owed

$50,736.50 to WCCO and $205,000 to Travelers Insurance ("Travelers"). PSR Addendum at 2 ¶ 18. Said addendum also stated that WCCO incurred additional costs of $160,750.90, including $89,004.56 in forensic accounting fees, $61,687.84 for Texas legal representation, and $10,058.50 for North Dakota legal representation. Id. The USPO recommended that the court order Brown to pay restitution of $211,487.40 to WCCO and $205,000 to Travelers, in accordance with the Mandatory Victims Restitution Act ("MRVA"), 18 U.S.C. § 3663A. Id. at ¶ 81. Accordingly, in its January 18, 2019 judgment, the court ordered Brown to pay $416,487.40 in restitution, $211,487.40 of which was to be disbursed to WCCO, and $205,000 of which was to be disbursed to Travelers. Doc. 31 at 4.

II.

Grounds of the Motion

The government moves to reduce the amount of restitution that Brown is required to pay, based on its belief that the order of restitution for forensic accounting fees and legal fees is a "clear error" under Rule 35(a) of the Federal Rules of Criminal Procedure ("Rule 35(a)").

2

# III.

## Analysis

A. <u>The Court May Correct an Illegal Sentence</u>

Rule 35(a) provides, "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." The court's authority to modify a sentence under Rule 35(a) "'extend[s] only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action.'" <u>United States v. Ross</u>, 557 F.3d 237, 239 (5th Cir. 2009) (quoting Fed. R. Crim. P. 35 advisory committee's note to 1991 amendment). The court of appeals must remand a case for further sentencing proceedings if it determines that the sentence was imposed in violation of law. 18 U.S.C. § 3742(f)(1). Accordingly, Rule 35(a) authorizes the court to reduce an illegal sentence. <u>See</u> Fed. R. Crim. P. 35 advisory committee's note to 1991 amendment (explaining that Rule 35 codifies <u>United States v. Rico</u>, 902 F.2d 1065, 1068-69 (2d Cir. 1990) (holding that district court can correct illegal sentence), and <u>United States v. Cook</u>, 890 F.2d 672, 675 (4th Cir. 1989) (same)). A defendant's presence is not required at a proceeding involving "the correction or reduction of sentence under Rule 35." Fed. R. Crim P. 43(b)(4).

3

B.  <u>Order of Restitution for Forensic Accounting and Legal Fees Was Clearly Erroneous</u>

The MRVA requires the court to order certain criminal defendants to reimburse their victims for "expenses incurred during participation in the investigation or prosecution of the offense." 18 U.S.C. § 3663A(b)(4). The court may not, however, order a defendant to reimburse his victim for expenses incurred in connection with a private investigation that the victim chose to conduct. <u>Lagos v. United States</u>, 138 S. Ct. 1684, 1690 (2018).

Here, the parties do not dispute that WCCO's expenses for forensic accounting and legal representation, for which the court ordered Brown to pay $160,750.90 in restitution, arose out of WCCO's private investigation into Brown's wire fraud offense. As a result, the court's January 18, 2019 order that Brown pay restitution for such expenses was unlawful and, therefore, a "clear error" that Rule 35(a) authorizes the court to correct. Accordingly, the court is making the orders set forth herein, and will sign on this date an amended judgment reflecting the amount of restitution Brown is required to pay.

IV.

<u>Order</u>

The court ORDERS that the government's motion for reduction of the amount of restitution owed by Brown in the above-captioned case be, and is hereby, granted.

The court further ORDERS that the restitution ordered in the above-captioned case on January 18, 2019, of $416,487.40 be, and is hereby, reduced by $160,750.90, so that said restitution, as reduced, will be $255,736.50.

The court further ORDERS that the restitution ordered to be disbursed to WCCO in said judgment be, and is hereby, reduced by $160,750.90, so that said restitution, as reduced, will be $50,736.50.

SIGNED January 25, 2019.

_____
JOHN McBRYDE
United States District Judge